Electronically Filed
3/8/2022 3:59 PM
Third Judicial District, Canyon County
Chris Yamamoto, Clerk of the Court
By: Stephanie Fernicola, Deputy Clerk

Ron R. Shepherd, ISBN 6593
SHEP LAW GROUP
1990 North Meridian Road
Meridian, ID 83646
Telephone: (208) 887-3444
Facsimile: (208) 887-3443
Direct: ron@sheplawgroup.net
E-filing: efile@sheplawgroup.net

Attorneys for Plaintiff, Cindy Beyersdorf

## IN THE DISTRICT OF THE THIRD JUDICIAL DISTRICT OF

## THE STATE OF IDAHO, IN AND FOR THE COUNTY OF CANYON

| | |
|---|---|
| CINDY L. BEYERSDORF, | Case No. CV14-22-01860 |
| Plaintiff, | COMPLAINT AND DEMAND FOR JURY TRIAL |
| v. | |
| TRANSAMERICA LIFE INSURANCE COMPANY, | Fee Category: A.A.<br>Filing Fee: $221.00 |
| Defendant. | |

The above-named Plaintiff, Cindy L. Beyersdorf, for her cause of action, complains and alleges as follows:

### PARTIES

1. Plaintiff, Cindy L. Beyersdorf ("Beyersdorf") is an adult resident of Adams County, Colorado.

2. Terry Cook ("Cook"), insured to the subject life insurance policy and now deceased, was a resident of Canyon County, Idaho at the time of his death.

COMPLAINT AND DEMAND FOR JURY TRIAL – 1

3. Transamerica Life Insurance Company ("Transamerica") is a for-profit corporation licensed to conduct life insurance practices in the state of Idaho with its principal place of business located in Cedar Rapids, Iowa.

## JURISDICTION AND VENUE

4. Jurisdiction is proper under Idaho Code § 1-705 in the state of Idaho because this matter involves a life insurance policy purchased in the state of Idaho. The amount in controversy is in excess of $10,000.

5. Venue is proper under Idaho Code § 41-1838 because the policyholder resided in Canyon County.

## FACTUAL ALLEGATIONS

6. Cook and Transamerica entered into a contract under which Transamerica insured Cook's life in the event Cook died as a result of an accident.

7. The terms of the contact were contained in a policy of insurance ("policy") that was drafted by or on behalf of Transamerica.

8. The policy was issued and delivered in the state of Idaho.

9. The policy contained a provision that required it apply the law in the state that it was delivered.

10. Cook paid all premiums and/or otherwise satisfied all conditions and covenants and performed all things required under the policy.

11. Cook designated Beyersdorf, his former wife and friend, as the sole beneficiary under the policy.

12. The policy provided for the payment of $100,000 to the named beneficiary upon the accidental death of Cook.

COMPLAINT AND DEMAND FOR JURY TRIAL – 2

13. On May 30, 2020, Cook died as a result of blunt force trauma caused by a violent single car automobile accident.

14. At the time of Cook's death, the subject policy was in full force and effect.

15. Following the death of Cook, Beyersdorf gave timely and reasonable notice and verification to Transamerica of Cook's death.

16. Beyersdorf has timely performed all conditions of payment required under the policy and has submitted to Transamerica a valid claim for benefits under the policy.

17. Subsequently, Transamerica sent a letter to Beyersdorf indicating that the benefits on Cook's policy were denied.

18. Despite its contractual obligations to Beyersdorf, Transamerica continues to deny Beyersdorf's claim for payment of benefits under the policy.

19. Transamerica has no lawful basis for refusing to perform under the contract.

20. As a direct and proximate result of Transamerica's acts and omissions as alleged herein, it has become necessary for Beyersdorf to retain the services of an attorney and other professionals to prosecute, preserve any and all rights and claims, and collect the amounts due under the policy.

21. As the direct result of Transamerica's bad faith insurance practices and its refusal to recognize the full force and effect of Cook's life insurance policy, Beyersdorf has suffered damages exceeding $100,000, plus interest, costs and attorney's fees.

**ALLEGATIONS INCORPORATED BY REFERENCE**

22. Each and every one of the following counts incorporate by reference each and every allegation of this Complaint whether such allegation is specifically set forth under a particular count or not.

## COUNT I
### (Breach of Contract)

23. Despite submissions of reasonable proof and demands for payment, Transamerica has not paid Beyersdorf said benefits to which Beyersdorf is entitled under the policy of life insurance.

24. Transamerica's denial of benefits is without reasonable foundation.

25. Transamerica is obligated by the clear language of the insurance contract to indemnify Beyersdorf for the death of Cook.

26. Transamerica's refusal to pay Beyersdorf constitutes a breach of the terms and conditions of the policy such that Beyersdorf is entitled to damages from Transamerica.

27. As a direct result of Transamerica's breach of contract, Beyersdorf has suffered damages in the amount of $100,000, exclusive of interest, costs and attorney's fees.

## COUNT II
### (Specific Performance)

28. In order to carry out justice and the intent of Cook and Transamerica in entering into the insurance contract, the Court should order Transamerica to specifically perform its obligation under the policy by paying Beyersdorf $100,000, exclusive of interest, costs and attorney fees.

## COUNT IV
### (Unjust Enrichment)

29. Cook paid all premiums to Transamerica in a timely manner. In so doing, Cook conferred a benefit unto Transamerica.

30. Transamerica accepted such benefit under circumstances that would result in an injustice if Transamerica retained such benefit.

### COUNT VI
(Equitable Estoppel)

31. Beyersdorf and Cook reasonably relied on Transamerica's explicit and/or implied representations and assurances that the policy was in full force and effect.

32. It was foreseeable that Beyersdorf and Cook would rely on Transamerica's representations.

33. Transamerica knew or should have known that Cook and Beyersdorf were relying on the policy.

34. As a result of Beyersdorf's and Cook's reliance on Transamerica's representations and assurances:

    A. Cook and/or Beyersdorf did not seek alternate coverage;

    B. Cook and/or Beyersdorf did not seek to rectify the unknown issues with coverage; and

    C. Beyersdorf is left without the benefits allocated to assist with Cook's final expenses.

35. As a direct result of Transamerica's refusal to recognize the full force and effect of Cook's life insurance policy, Beyersdorf has suffered damages exceeding $100,000, exclusive of interest, costs and attorney's fees.

### COUNT VII
(Breach of Implied Covenant of Good Faith and Fair Dealing)

36. Implied under the policy as a matter of law is a covenant of good faith and fair dealing.

COMPLAINT AND DEMAND FOR JURY TRIAL – 5

37. Cook purchased the policy in good faith and exercised good faith in all dealings with Transamerica.

38. Likewise, Beyersdorf exercised good faith in all her dealings with Transamerica.

39. Transamerica breached this covenant by:

   A. Denying Beyersdorf's claim without basis;

   B. Continuing to deny Beyersdorf's claim after several attempts by Beyersdorf, directly or through counsel, to provide additional information and support for Beyersdorf's claim in hopes that Beyerdorf will forego her right to payment and not pursue her claim;

   C. Failing to timely pay Beyersdorf's claim and unnecessarily drawing out the claim process.

40. As a direct result of Transamerica's breach of the covenant of good faith under the policy, Beyersdorf has suffered damages including money damages exceeding $100,000, pre-judgment interest, costs and attorney's fees, anxiety, mental anguish, loss of sleep, and inability to bring closure to the death of her significant other, Cook.

## PUNITIVE DAMAGES

41. Transamerica's conduct in this matter was extreme, outrageous and warrants punitive damages. Beyersdorf therefore expressly reserves the right to seek leave to add a claim for punitive damages under Idaho Code § 6-1604.

## COSTS AND ATTORNEY FEES

42. Beyersdorf has been required to retain the law offices of Shep Law Group duly licensed and practicing attorneys of the state of Idaho, to institute and prosecute her

claim. Beyersdorf is entitled to recover her costs and attorney's fees reasonably incurred in this action under Idaho Code §§ 41-1839, 12-120(3) and 12-121, as well as Rule 54(d) and 54(e) of the Idaho Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE, Beyersdorf prays for relief as follows:

1. For declaratory judgment in Beyersdorf's favor and against Transamerica declaring the policy in full force and effect at the time Cook died;

2. For the entry of a money judgment against Transamerica and in favor of Beyersdorf in an amount to be established and proven at trial;

3. For an award of prejudgment interest;

4. For an award of costs incurred herein;

5. For an award of attorney's fees incurred herein; and

6. For such other and further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to I.R.C.P. 38, Beyersdorf hereby respectfully demands a jury trial of twelve people on all issues raised in this Complaint and triable of right by jury.

DATED this ___8th___ day of March 2022

SHEP LAW GROUP

RON R. SHEPHERD
Attorneys for Plaintiff

COMPLAINT AND DEMAND FOR JURY TRIAL – 7

State of Idaho  } ss.
County of Canyon
I hereby certify that the foregoing instrument is a true and correct copy of the original as the same appears in this office.
DATED
4/1/2022 2:22:57 PM
CHRIS YAMAMOTO, Clerk of the District Court
By_____
Deputy